Joshua N. KoplovitzCounty Attorney Ulster County 240 Fair Street P.O. Box 1800 Kingston, New York 12402
Informal Opinion No. 2007-7
Dear Mr. Koplovitz:
You have requested an opinion regarding whether the County is authorized to amend its code of ethics to include a provision prohibiting elected county officers, county department heads, and commissioners or chairpersons of county committees, commissions, or boards to simultaneously serve as chairperson, vice-chairperson, secretary, treasurer, or any other executive office in any county political party or political committee. You have further asked whether, if we conclude that the County is authorized to so amend its code of ethics, such a provision would apply to a county election commissioner, or whether its application would be preempted by the Election Law. As explained more fully below, we conclude that the County may amend its code of ethics to prohibit its officers from simultaneously holding executive offices with county political parties or committees, and that such an amendment would apply to the County's election commissioners.
Analysis
1. Prohibition on Holding Political Office in a Code of Ethics
We believe that the County is amply authorized to amend its code of ethics to prohibit county officers from simultaneously serving as political party officers. First, General Municipal Law § 806, governing municipal codes of ethics, requires that the County adopt a code of ethics that provides standards for its *Page 2 
officers and employees with respect to certain specified topics[1] and "such other standards relating to the conduct of officers and employees as may be deemed advisable." General Municipal Law § 806(1)(a). The County is specifically authorized to adopt a code that regulates or proscribes conduct that is not expressly prohibited by article 18 of the General Municipal Law. Id.
In addition, the County, by virtue of its home rule authority, may adopt local laws, not inconsistent with the Constitution or with any general law, relating to its property, affairs, or government. N.Y. Const. Art. IX, § 2(c); Municipal Home Rule Law § 10(1)(i). It may also adopt local laws, not inconsistent with the Constitution or any general law, relating to the qualifications of its officers and employees, except to the extent that the Legislature restricts the adoption of such a local law relating to other than the property, affairs, or government of the County. N.Y. Const. Art. IX, § 2(c)(1); Municipal Home Rule § 10(1)(ii)(a)(1).
We are of the opinion that the County may adopt the proposed amendment to the code of ethics under either the authority granted by the General Municipal Law to adopt a code of ethics establishing standards for the conduct of its officers or the authority to adopt local laws relating to its government and to the qualifications of its officers. Indeed, a local law analogous to that you describe has been upheld as a valid exercise of a local government's home rule authority and authority to adopt a code of ethics. Belle v. Town Board of Onondaga, 61 A.D.2d 352
(4th Dep't 1978) (upholding a local law that prohibited town officers and employees from serving also as chairperson or vice-chairperson or on a committee of a political party). See also Op. Att'y Gen. (Inf.) No. 97-50 (local law amending a county code of ethics to prohibit any person appointed to a county office from holding an executive office in a political party organization is lawful).
Moreover, a provision such as the one you describe has withstood constitutional challenge. In Golden v. Clark, 76 N.Y.2d 618 (1990), the Court of Appeals upheld a provision in the New York City charter that prohibited high-level city officers from also serving in certain political offices, including *Page 3 
chairperson or officer of the county committee of a political party. The charter provision was challenged on several constitutional grounds, including violating the right to vote, the right against disenfranchisement, equal protection, the right of association, and freedom of speech. Id. at 623. Rejecting arguments on each of these grounds, the Court upheld the charter provision as establishing a valid qualification for public office rationally related to the legitimate purposes of eliminating conflicts of interest, broadening opportunities for political and public participation, reducing opportunities for corruption, and increasing citizens' confidence in the integrity and effectiveness of their government. Id. at 626. See also Belle,61 A.D.2d at 358-59 (rejecting argument that prohibition on political activities violated public officers' First and Fourteenth Amendment rights).
2. Application of Prohibition to County Election Commissioners
Your second question is whether application of the prohibition against holding political party office to the county election commissioners is inconsistent with or preempted by state law.
We begin with the question of inconsistency. As discussed above, a local government may not adopt a local law that is inconsistent with the Constitution or a general state law. See N.Y. Const. Art. IX, § 2(c); Municipal Home Rule Law § 10(1). It has been suggested that application of the proposed restriction on political activity by county officers would be inconsistent with Article II, § 8 of the State Constitution. This section provides that
 [a]ll laws creating, regulating or affecting boards or officers charged with the duty of qualifying voters, or of distributing ballots to voters, or of receiving, recording or counting votes at elections, shall secure equal representation of the two political parties which, at the general election next preceding that for which such boards or officers are to serve, cast the highest and the next highest number of votes. All such boards and officers shall be appointed or elected in such manner, and upon the nomination of such representatives of said parties respectively, as the legislature may direct. Existing laws on this subject shall continue until the legislature shall
[1] These topics are (1) the disclosure of interest in legislation before the local governing body, (2) the holding of investments in conflict with official duties, (3) private employment in conflict with official duties, and (4) future employment. General Municipal Law §806(1)(a). *Page 1